J-S09006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROGER K. SNYDER, | |
| Appellant | No. 2962 EDA 2016 |

Appeal from the PCRA Order August 29, 2016
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0003847-1977

BEFORE:  SHOGAN, STABILE, and PLATT,[*] JJ.

MEMORANDUM BY SHOGAN, J.:          **FILED FEBRUARY 28, 2017**

Appellant, Roger K. Snyder, appeals *pro se* from the order entered on August 29, 2016, that denied his fifth petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court provided the following background:

1.    On June 21, 1978, a jury found petitioner guilty of murder in the first degree and related offenses.  He was subsequently sentenced to imprisonment for life.

_____

[*]  Retired Senior Judge assigned to the Superior Court.

2. The Supreme Court of Pennsylvania affirmed the judgment of sentence on December 17, 1981.[1]

3. In 1983, petitioner filed a federal habeas corpus petition seeking post-conviction collateral relief.[2] The District Attorney at the time was Joseph A. Smyth, Jr. who later became a judge of the Montgomery County Court of Common Pleas, and who now serves as a Senior Judge of the Montgomery County Court of Common Pleas.

4. On August 3, 1986, petitioner filed a petition under the Post-Conviction Hearing Act (the predecessor to the Post-Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546). This court denied the petition and the Superior Court of Pennsylvania affirmed that order. Petitioner filed a petition for allowance of appeal, but the Supreme Court of Pennsylvania denied it.

5. On December 19, 1996, petitioner filed a petition under the PCRA. Judge Smyth denied the petition, the Superior Court affirmed and the Supreme Court of Pennsylvania denied petitioner's petition for allowance of appeal.

6. Petitioner then filed an application styled as a petition for writ of habeas corpus on November 30, 2007. That petition raised a single claim: that Judge Smyth should have recused himself from deciding the 1996 PCRA petition because he was the District Attorney at the time petitioner litigated his 1983 federal habeas corpus petition. This court treated the application as a PCRA petition and denied it as untimely. The Superior Court affirmed that decision on March 25, 2009. Petitioner did not seek leave to appeal to the Supreme Court of Pennsylvania.

---

[1] At the time of Appellant's conviction, the Supreme Court had exclusive jurisdiction over appeals in cases of felonious homicide. **See Commonwealth v. Spotz**, 896 A.2d 1191, 1218 n.30 (Pa. 2006) (discussing the Supreme Court's exclusive jurisdiction pursuant to 17 P.S. § 211.202(1), which was repealed by Act No. 137 of 1980 and codified at 42 Pa.C.S. § 722).

[2] Appellant's petition for writ of *habeas corpus* was denied on February 9, 1984.

7.    Petitioner filed an application for post-conviction collateral relief, styled as a "Petition for Writ of Habeas Corpus" (hereinafter "the petition") on September 4, 2013, again claiming Judge Smyth should have recused himself from deciding the 1996 PCRA petition.  The undersigned judge denied the petition, the Superior Court of Pennsylvania affirmed that order, and the Supreme Court of Pennsylvania denied permission for allowance to appeal.

8.    Petitioner then filed the instant application for post-conviction collateral relief on July 13, 2016.

9.    In the instant PCRA petition, petitioner again claims Judge Smyth should have recused himself from deciding the 1996 PCRA petition.

10.   The petition does not aver new evidence that would tend to establish petitioner's innocence.  Nor does the petition aver that government officials interfered with petitioner's presentation of his claims; that the facts upon which the claim is based were unknown to petitioner; or that petitioner is asserting a constitutional right that has been recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania, and held to apply retroactively by the court that recognized it.

Order, 7/25/16, at 1-3.[3]   The PCRA court denied Appellant's petition on

August 29, 2016, and Appellant filed this timely appeal.

On appeal, Appellant presents one issue for this Court's consideration:

IS THE PETITIONER ENTITLED TO A NEW PCRA FILING PURSUANT TO THE UNITED STATES SUPREME COURT DECISION IN WILLIAMS V. PENNSYLVANIA, 2016 U.S. LEXIS 373 AS THE COURT HELD THAT IT WAS A VIOLATION OF THE DUE PROCESS CLAUSE FOR A FORMER DISTRICT ATTORNEY TO RULE AS A SITTING JUDGE IN HIS CRIMINAL CASE?

_____

[3] In its opinion filed pursuant to Pa.R.A.P. 1925(a), the PCRA court incorporated the July 25, 2016 order by reference.  Opinion, 9/23/16, at unnumbered 1.

Appellant's Brief at 6 (verbatim).

When reviewing the propriety of an order denying PCRA relief, this Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. **Commonwealth v. Robinson**, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. **Commonwealth v. Lippert**, 85 A.3d 1095, 1100 (Pa. Super. 2014).

Initially, we address whether this appeal is properly before us. The PCRA court dismissed Appellant's petition as untimely. "As the timeliness of a PCRA petition is a question of law, our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Callahan**, 101 A.3d 118, 121 (Pa. Super. 2014) (citation omitted). Moreover, the timeliness of a PCRA petition is a jurisdictional threshold that may not be disregarded in order to reach the merits of the claims raised in a PCRA petition that is untimely. **Commonwealth v. Cintora**, 69 A.3d 759, 762 (Pa. Super. 2013). "We have repeatedly stated it is the [petitioner's] burden to allege and prove that one of the timeliness exceptions applies. **See**, **e.g.**, **Commonwealth v. Beasley**, 741 A.2d 1258, 1261 (Pa. 1999). Whether [a petitioner] has carried his burden is a threshold inquiry prior to considering the merits of any claim." **Commonwealth v. Edmiston**, 65 A.3d 339, 346 (Pa. 2013).

- 4 -

In order to be considered timely, a first or subsequent PCRA petition must be filed within one year of the date the petitioner's judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). As noted above, since his sentencing on May 11, 1979, Appellant has filed numerous petitions for collateral relief;[4] the instant petition, his fifth, is time-barred absent the applicability of one of the exceptions enumerated in 42 Pa.C.S. § 9545(b)(1).[5]

_____

[4] The 1995 amendments to the PCRA provided that if the petitioner's judgment of sentence became final before January 16, 1996, a PCRA petition could be filed within one year, or by January 16, 1997. However, this grace period does not apply to second or subsequent petitions, regardless of when the first petition was filed. **Commonwealth v. Fairiror**, 809 A.2d 396, 398 (Pa. Super. 2002).

[5] The exceptions to the timeliness requirement are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). *Commonwealth v. Carr*, 768 A.2d 1164, 1167 (Pa. Super. 2001). "If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." *Commonwealth v. Perrin*, 947 A.2d 1284, 1285 (Pa. Super. 2008).

Here, Appellant claims that *Williams v. Pennsylvania*, ___U.S.___, 136 S.Ct. 1899, 1907 (2016), created a new constitutional right, and therefore, an exception to the PCRA time-bar pursuant to 42 Pa.C.S. § 9541(b)(1)(iii) is applicable. Appellant's Brief at 8-9. We disagree.

In *Williams*, the United States Supreme Court stated that "The involvement of multiple actors and the passage of time do not relieve the former prosecutor of the duty to withdraw in order to ensure the neutrality of the judicial process in determining the consequences that his or her own earlier, critical decision may have set in motion." *Williams*, ___U.S. at ___, 136 S.Ct. at 1907. Appellant asserts that pursuant to *Williams*, Judge

Smyth was obligated to recuse from considering Appellant's 1996 PCRA petition.

After review, it is undisputed that Judge Smyth served as an Assistant District Attorney and District Attorney when Appellant litigated collateral petitions, and that Judge Smyth later ruled on Appellant's 1996 PCRA petition. However, Appellant has not established that the holding in **Williams** has been held to **apply retroactively** pursuant to 42 Pa.C.S. § 9545(b)(1)(iii). As such, Appellant's fifth PCRA petition is untimely, and no exceptions are applicable.[6]

In conclusion, because Appellant's PCRA petition was untimely and no exceptions apply, the PCRA court correctly determined that it lacked jurisdiction to consider the merits of Appellant's PCRA petition and properly dismissed it as untimely filed. **Perrin**, 947 A.2d at 1285. Accordingly, we affirm the PCRA court's order. **Commonwealth v. Lawson**, 90 A.3d 1, 8 (Pa. Super. 2014).

Order affirmed.

---

[6] We note, however, that even if **Williams** applied, Appellant failed to articulate how or in what capacity Judge Smyth was involved with his case or that Judge Smyth made any "critical decision" at trial, on appeal, or in any collateral proceeding as a prosecutor. **Williams**, 136 S.Ct. at 1907.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/28/2017